```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
COACH, INC. and COACH SERVICES, INC.,

                    Plaintiffs,
                                              03 Civ. 8176 (JES)
        - against -
                                              MEMORANDUM OPINION
MARYBETH PETERS, REGISTER                         AND ORDER
OF COPYRIGHTS,

                    Defendant.
----------------------------------------X
```

**SPRIZZO, D.J.:**

Plaintiffs, Coach, Inc. and Coach Services, Inc. (collectively "Coach"), bring this action, pursuant to 5 U.S.C. § 702, seeking an Order of this Court directing defendant, Marybeth Peters, Register of Copyrights of the United States Copyright Office ("defendant" or "Register"), to register its "Signature CC Fabric Design" ("Coach 1") and "Signature CC Fabric Design (Black)" ("Coach 2") (collectively "works"), in their names. Both parties bring motions, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment. For the reasons set forth below, the Court denies plaintiffs' motion and grants defendant's motion.

## BACKGROUND

Coach, a well-known company that designs handbags and other consumer products, see Pls.' Statement of Uncontroverted Facts ("Pls.' St.") ¶¶ 4, 7-9; Am. Compl. ("Compl.") ¶ 4, designed the now ubiquitous works at issue in this action, see Pls.' St. ¶¶ 5-9; Administrative R. of Coach 1 ("A.R. 1"), Ex. 3, Letter of Norman H. Zivin, dated Aug. 15, 2002 ("Aug. Zivin Letter"), Ex. A ("Articles"); see also Decl. of Daniel J. Ross, dated Feb. 12, 2004, Exs. N, O. Plaintiffs describe the works as "consist[ing] of a distinctive pattern comprising two linked elements facing each other in a mirrored relationship and two unlinked elements in a mirrored relationship and positioned perpendicular to the linked elements."[1] Pls.' St. ¶ 10. Plaintiffs filed applications with the United States Copyright Office

---

[1] Coach 2 is identical to Coach 1, except Coach 2 "also comprises a black on black tonal pattern." Pls.' St. ¶ 11.

to register Coach 1 and Coach 2 on August 15, 2001 and August 20, 2002, respectively. Id. ¶¶ 15, 21.

The application to register Coach 1 was initially denied by letter dated December 18, 2001. A.R. 1, Ex. 6.  Following a request for reconsideration, that decision was upheld in a letter dated July 17, 2002. A.R. 1, Ex. 4.  Plaintiffs sought a second reconsideration on August 15, 2002, Aug. Zivin Letter, which was denied by the Copyright Office Board of Appeals by letter dated September 17, 2003, A.R. 1, Ex. 1.  That decision constituted "final agency action." A.R. 1, Ex. 1 at 8.

In an eight-page decision, the Board of Appeals determined that Coach 1 could not be copyrighted "because it does not contain the required amount of original artistic, that is, pictorial or graphic authorship." Id. at 1.  Describing Coach 1 as a "pattern consist[ing] of two linked 'C's' facing each other alternating with two unlinked 'C's' facing in the same direction," id. at 4, the Board of Appeals concluded that relevant case law, regulations, and the Compendium of Copyright Office Practices precluded a finding of copyrightability because letters of the alphabet cannot be copyrighted and because Coach 1's variations and arrangements of the letter "C" were simply not sufficient to establish the necessary amount of creativity required for copyright protection, id. at 3–8.  In addition, the Board of Appeals rejected plaintiffs' argument that the work's commercial and critical success supported its copyright. Id. at 6–7.

The application of Coach 2 met a similar fate. Pls.' St. ¶¶ 21–26.  Following two requests for reconsideration, the Board of Appeals, in a letter dated December 4, 2003, refused to copyright Coach 2. Administrative R. of Coach 2 ("A.R. 2"), Ex. 1.  The Board determined that, with the exception of its color, Coach 2 was identical to Coach 1, and therefore it concluded that the same

rationales for denial were applicable.[2] Id.

Plaintiffs filed a complaint dated October 16, 2003, and an amended complaint dated December 8, 2003, in which they ask this Court to review, pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, defendant's refusal to register the works, Compl. ¶ 1, and to "order defendant and the officers, agents, employees, successors and servants of defendant to register [the works] in the name of [plaintiffs]," Compl. at 5.  The Court heard Oral Argument on the parties' Cross-Motions for Summary Judgment on June 14, 2004. Expressing concern about the legal ramifications that a decision on those motions would have in any future infringement actions brought by plaintiffs, the Court denied both motions and placed this case on suspense, pending an infringement action brought by plaintiffs. See Tr., dated June 14, 2004, at 24-29.  At a regularly-scheduled Pre-Trial Conference held on June 20, 2005, plaintiffs indicated that they had no intention of bringing an infringement action, and both parties requested that the Court revisit their Cross-Motions for Summary Judgment.

## DISCUSSION

A court may only grant summary judgment when "there is no genuine issue as to any material fact and...the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  When ruling upon cross-motions for summary judgment, the court must evaluate each motion separately and must draw all reasonable inferences against the party whose motion is under consideration. See Boy Scouts of Am. v. Wyman, 335 F.3d 80, 88 (2d Cir. 2003).

Pursuant to 17 U.S.C. § 701(e) the decision of the Register of Copyrights to deny an application for registration is reviewable under the APA.  The Act provides that a court may set aside agency action where it is "arbitrary, capricious, an abuse of discretion, or

---

[2] The Board relied on the letter which constituted final agency action in Coach 1, and it attached that letter to its December 4, 2003 letter. A.R. 2, Ex. 1.

otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), and therefore the Register's decision is entitled "to a significant degree of deference," The Homer Laughlin China Co. v. Oman, No. 90-3160, 1991 U.S. Dist. LEXIS 10680, at *3 (D.D.C. July 30, 1991), which will only be upset if the Register fails to "intelligibly account for [her] ruling" or if her decision is not the product of "reasoned decisionmaking," Atari Games Corp. v. Oman, 888 F.2d 878, 879 (D.C. Cir. 1989); see also Custom Chrome, Inc. v. Ringer, No. Civ. A. 93-2634, 1995 WL 405690, at *3-5 (D.D.C. June 30, 1995); Jon Woods Fashions, Inc. v. Curran, No. 85 Civ. 3203, 1988 WL 38585, at *2-3 (S.D.N.Y. Apr. 19, 1988).

The Court begins its analysis by noting that, since review under the APA is limited to a consideration of the administrative record, see Natural Res. Def. Council v. Muszynski, 268 F.3d 91, 96-97 (2d Cir. 2001), all parties agree that there are no genuine issues of material fact and therefore summary judgment is appropriate, see Pls.' Mem. at 6; Def.'s Mem. at 13.  In addition, the Court notes that given the limited scope of review and the deferential standard applied to the Register's decision, the Court's ruling in this action is necessarily not equivalent to a finding that the works at issue here are not copyrightable and therefore this ruling should not preclude such a finding in a future infringement action. See OddzOn Prods., Inc. v. Oman, 924 F.2d 346, 347 (D.C. Cir. 1991).

In the present case, plaintiffs argue that this Court should "order defendant and the officers, agents, employees, successors and servants of defendant to register [the works] in the name of [plaintiffs]," Compl. at 5, because defendant incorrectly determined that the works lacked sufficient creativity, Pls.' Mem. at 7-8, failed to consider the works as a whole, id. at 10, 13, improperly viewed the "elements" as "C's," id. at 11, 12, and failed to take into account that the commercial and critical success of the works indicates that "the public and the trade view the [w]orks as containing artistic merit," Pls.' Mem. in Opp'n at 7; Pls.' Mem. at 11.

This Court cannot agree.  First, plaintiffs have cited no authority, and the Court is aware of none, that would allow this Court, on a review under the APA, to order defendant to register the works. See, e.g., Atari Games Corp. v. Oman, 979 F.2d 242, 247 (D.C. Cir. 1992) (remanding case for a second time "for renewed consideration consistent with this court's opinion").  This is especially true since relief in the form of mandamus is unavailable because of the other adequate  remedies available to plaintiffs, namely this review under the APA, see Jon Woods Fashions, Inc., 1988 WL 38585, at *2, and the ability to bring an infringement action "notwithstanding the refusal of the Register to register the claim to copyright," Nova Stylings, Inc. v. Ladd, 695 F.2d 1179, 1181-82 (9th Cir. 1983).

Second, plaintiffs have not shown that defendant's decision not to register the works was arbitrary and capricious.  To the contrary, defendant's decision is explained in a thorough, well-reasoned, and well-articulated letter. See A.R. 1, Ex. 1.  Acknowledging at the outset that the amount of creativity required for registration is "minimal," id. at 3, defendant proceeded to explain why the works at issue fall into the "narrow category of works in which the creative spark is insufficient to support a copyright," id.

In its decision, the Board of Appeals noted that the name of Coach's design is the "Signature CC Fabric Design," and it determined that the work was "comprised of an arrangement of the letter C." Id. at 7-8. Although plaintiffs contend that the design is one of linked and unlinked "elements" which "do not comprise any basic geometric shapes, lettering or typography," Pls.' Mem. at 1-2, 12, they cannot seriously maintain that defendant acted arbitrarily and capriciously in interpreting these "elements" as the letter "C."  In fact, in support of their second request for reconsideration plaintiffs attached a series of articles which discussed the works and which noted, among other things, that "[t]he 'C' stands for Coach,"

5

Catherine Curan, "Coach Carries the Trendy Set," <u>Crain's N.Y. Bus.</u>, Mar. 11, 2002, at 3, <u>reprinted</u> <u>in</u> Articles, that "[f]or Coach Inc., 'C' -- or more specifically double 'C's' -- represent a new era," Dana Lenetz, "Coach Class," <u>Bus. and Industry</u>, Nov. 26, 2001, at 22, <u>reprinted</u> <u>in</u> Articles, and that "[t]he material, which is patterned with the letter 'C,' comes in two color combinations," Susan Chandler, "Profitable Promotion Propels Downtown Success," <u>Chi. Trib.</u>, Feb. 3, 2001, <u>reprinted</u> <u>in</u> Articles.[3]

Having determined that the works were essentially arrangements of the letter "C," defendant noted that letters, mere variations of letters, and familiar symbols cannot be copyrighted. A.R. 1, Ex. 1 at 3-4 (citing 37 C.F.R. § 202.1(a) and Compendium of Copyright Office Practices, Compendium II, § 503.02(a)).[4] Defendant cited a number of cases which held that simple arrangements of such items are similarly uncopyrightable. <u>See, e.g.</u>, <u>Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.</u>, 499 U.S. 340 (1991); <u>John Muller & Co. v. N.Y. Arrows Soccer Team, Inc.</u>, 802 F.2d 989 (8th Cir. 1986); <u>The Homer Laughlin China Co.</u>, 1991 U.S. Dist. LEXIS 10680; <u>Jon Woods Fashions, Inc.</u>, 1988 WL 38585; <u>Magic Mktg., Inc. v. Mailing Servs. of Pittsburgh, Inc.</u>, 634 F. Supp. 769 (W.D. Pa. 1986); <u>Forstmann Woolen Co. v. J.W. Mays, Inc.</u>, 89 F. Supp. 964 (E.D.N.Y. 1950).

Plaintiffs fail to argue persuasively that defendant incorrectly relied on these cases, much less that this reliance was so improper as to amount to an abuse of discretion. Cases plaintiffs rely on are factually distinguishable, <u>see, e.g.</u>, <u>Boisson v. Banian, Ltd.</u>, 273 F.3d 262 (2d Cir. 2001) (involving issued copyright of detailed and intricate quilt design), and wholly irrelevant, since the Copyright Office does not compare works that have gone through the registration

---

[3] Although defendant did not rely on these articles in determining that the work comprised the letter "C," A.R. 1, Ex. 1 at 7-8, they certainly shed light on the reasonableness of defendant's finding.

[4] Plaintiffs do not challenge the regulations promulgated by the Copyright Office. <u>See</u> Pls.' Mem. in Opp'n at 3.

process, see A.R. 1, Ex. 1 at 5 (citing Compendium of Copyright Office Practices, Compendium II, § 108.03); <u>The Homer Laughlin China Co.</u>, 1991 U.S. Dist. LEXIS 10680, at *6.

In addition, plaintiffs' argument that defendant failed to consider the works as a whole is belied by the record. See A.R. 1, Ex. 1 at 5, 7-8. As indicated above, defendant cited to numerous authorities for the proposition that the mere arrangement of symbols and letters is not copyrightable, and defendant concluded not simply that the letter "C" is not copyrightable, but that "'[t]he elements embodied in this work, individually, <u>and in their particular combination and arrangement</u>, simply do not contain a sufficient amount of original and creative authorship to be copyrightable.'" A.R. 1, Ex. 1 at 2 (quoting A.R. 1, Ex. 4, Letter of Copyright Office, dated July 17, 2002, at 3) (alteration in original) (emphasis added).

Finally, plaintiffs' argument that defendant's decision should be upset because of defendant's failure to consider the commercial and critical success of the works is meritless. Defendant considered plaintiffs' argument, analyzed the relevant cases and regulations, and concluded that the argument was unsupported by law and completely irrelevant to the question of whether the works embodied "the required quantum of creativity." A.R. 1, Ex. 1 at 6-7 (citing <u>Paul Morelli Design, Inc. v. Tiffany & Co.</u>, 200 F. Supp. 2d 482 (E.D. Pa. 2002) and Compendium of Copyright Office Practices, Compendium II, § 503.02(a)).[5]

In sum, plaintiffs have failed to overcome the substantial deference that this Court must afford defendant's decision denying registration of the works because plaintiffs have not shown that defendant acted arbitrarily and capriciously.

---

[5] Given defendant's reliance on the September 17, 2003 letter in denying the registration of Coach 2, all of the above applies equally to Coach 2. Addressing plaintiffs' argument that defendant abused its discretion by failing to register Coach 2 notwithstanding its "very original black on black tonal pattern," Pls.' Mem. at 12, the Court finds that defendant considered the coloring of Coach 2 and determined that it did not make the work copyrightable, A.R. 2, Ex. 5 at 1-2 (citing 37 C.F.R. § 202.1(a)); A.R. 2, Ex. 1 at 1; A.R. 1, Ex. 1 at 3-4.

**APPEARANCES**

COOPER & DUNHAM LLP
Attorneys for Plaintiffs Coach, Inc.
and Coach Services, Inc.
1185 Avenue of the Americas
New York, NY 10036

NORMAN H. ZIVIN, ESQ.
JASON S. MARIN, ESQ.

Of Counsel


DAVID N. KELLEY
UNITED STATES ATTORNEY,
SOUTHERN DISTRICT OF NEW YORK
Attorney for Defendant Marybeth Peters,
Register of Copyrights
86 Chambers Street, 3rd Floor
New York, NY 10007

SARAH E. LIGHT
ASSISTANT UNITED STATES ATTORNEY

Of Counsel

## CONCLUSION

Based on the foregoing, plaintiffs' Motion for Summary Judgment is denied and defendant's Motion for Summary Judgment shall be and hereby is granted. The Court directs the Clerk of the Court to enter judgment for defendant and to close this case.

Dated:   New York, New York
         September 6, 2005

                                                _____
                                                John E. Sprizzo
                                                United States District Judge

8